B1 (Official Form 1) (1/08)

| In the United States Bankruptcy Court For the District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**True Temper Sports, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):<br>**See Attachment 1** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**52-2112620** | Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**8275 Tournament Drive, Suite 200**<br>**Memphis, TN 38125**<br>ZIP CODE **38125-0000** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Shelby** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other **Manufacturing**

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000

Check all applicable boxes:
- [x] A plan is being filed with this petition.
- [x] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

| B1 (Official Form 1) (1/08) | | Page 2 |
|---|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br>**True Temper Sports, Inc.** | |
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: **See Attachment 2** | Case Number: | Date Filed: |
| District: **District of Delaware** | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☒ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)       Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No. The Debtor has attached Exhibit C to show additional comments.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l))..

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**True Temper Sports, Inc.** |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br>X _____<br>Signature of Debtor<br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>Signature of Foreign Representative<br><br>_____<br>Printed Name of Foreign Representative<br><br>_____<br>Date |
| **Signature of Attorney***<br>X _____<br>Signature of Attorney for Debtor(s)<br>**Norman L. Pernick (No. 2290)**<br>Printed Name of Attorney for Debtor(s)<br>**Cole, Schotz, Meisel, Forman & Leonard, P.A.**<br>Firm Name<br>**500 Delaware Avenue, Suite 1410**<br>**Wilmington, DE 19801**<br>Address<br><br>**302-652-3131 Fax:302-652-3117**<br>Telephone Number<br><br>Date **October 8, 2009**<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)<br><br>Address<br>X _____<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br>X _____<br>Signature of Authorized Individual<br>**Jason A. Jenne**<br>Printed Name of Authorized Individual<br>**Vice President and Chief Financial Officer**<br>Title of Authorized Individual<br><br>Date **October 8, 2009** | Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:                                  : Chapter 11
                                        :
                                        : Case No. 09-_____ (___)
TRUE TEMPER SPORTS, INC., et al.,       :
                                        : Joint Administration Requested
    Debtors.[1]                         :
                                        :

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 333-72343.

2. The following financial data is the latest available information and refers to the debtor's condition on June 28, 2009.[2]

| | | |
|---|---|---|
| a. Total assets | $ | 180,454,000.00[3] |
| b. Total debts (including debts listed in 2.c., below) | $ | 319,032,000.00[4] |

c. Debt securities held by more than 500 holders:

|  |  |  |  | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ N/A | $ _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | $ _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | $ _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | $ _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | $ _____ |
| d. Number of shares of preferred stock | | | None | None |
| e. Number of shares common stock | | | 100 | 1 |

Comments, if any: N/A

3. Brief description of debtor's business:

True Temper Sports, Inc. designs, manufacturers, and markets steel and graphite golf shafts for the global golf equipment industry, primarily in the United States, Europe, Japan, Australia and Southeast Asia. The company also produces tubular components for the bicycle, hockey and other recreational sports markets.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

True Temper Corporation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: True Temper Sports, Inc. (2620), True Temper Corporation (4519), and True Temper Sports-PRC Holdings, Inc. (6895). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 8275 Tournament Drive, Suite 200, Memphis, Tennessee 38125.

[2] This data was taken from the Form 10-Q for the quarterly period ending June 28, 2009.

[3] Reflects total assets on a consolidated basis.

[4] Reflects total debts on a consolidated basis.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| TRUE TEMPER SPORTS, INC., et al., | : Case No. 09-_____ (____) |
| | : |
| Debtors.[1] | : Joint Administration Requested |

## EXHIBIT "C" TO VOLUNTARY PETITION

1. Identify and briefly describe all real or property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**The Debtor is not aware of any definition of "imminent and identifiable harm" as used in this form. The Debtor leases real properties consisting of manufacturing facilities, and the Debtor's manufacturing operations at those properties involve the use of hazardous substances. To the best of the Debtor's knowledge, the properties do not pose "a threat of imminent and identifiable harm to the public health or safety."**

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**None.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: True Temper Sports, Inc. (2620), True Temper Corporation (4519), and True Temper Sports-PRC Holdings, Inc. (6895). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 8275 Tournament Drive, Suite 200, Memphis, Tennessee 38125.

# ATTACHMENT 1 TO VOLUNTARY PETITION

All other names used by the Debtor in the last 8 years:

Alpha Q
Grafalloy
Royal Precision
RP
True Temper
True Temper Company
True Temper Corporation
True Temper Sports
True Temper Sports, Inc.
True Temper Sports, Incorporated
TT
TTC
TTS
TTSI

# ATTACHMENT 2 TO VOLUNTARY PETITION

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that have filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, substantially contemporaneously with the filing of this petition. The Debtors have filed a motion requesting that their chapter 11 cases be jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

1. Name of Debtor: True Temper Corporation
   District: Delaware
   Relationship: Parent

2. Name of Debtor: True Temper Sports-PRC Holdings, Inc.
   District: Delaware
   Relationship: Subsidiary of True Temper Sports, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRUE TEMPER SPORTS, INC., et al.,[1] | Case No. 09- |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS HOLDING THE THIRTY LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

The following is the consolidated list of creditors holding the thirty (30) largest unsecured claims against the above captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") (the "List of Creditors"). The List of Creditors reflects estimated amounts owed by the Debtors as of the Petition Date.

The List of Creditors has been prepared on a consolidated basis from the books and records of each of the Debtors as of October 7, 2009. The inclusion or exclusion of any party to this List of Creditors shall not constitute an admission by, nor be binding on, the Debtors in any respect. The Debtors expressly reserve the right to, in their sole discretion, challenge the validity, priority and/or amount of any obligation reflected herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: True Temper Sports, Inc. (2620), True Temper Corporation (4519), and True Temper Sports-PRC Holdings, Inc. (6895). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 8275 Tournament Drive, Suite 200, Memphis, Tennessee 38125.

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim | (4) Indicate if claim is contingent, liquidated, disputed or subject to setoff | (5) Amount of claim |
|---|---|---|---|---|
| The Bank of New York, as Trustee 100 Ashford Center North Suite 520 Atlanta, GA 30338 | Barbara Royal T: 770-698-5184 F: 770-698-5195 | 8.375% Unsecured Notes Due 2011 | | $125,000,000 |
| Newport Composites 1822 Reynolds Ave. Irvine, CA 92614-5714 | Mike Pierce T: 949-253-5680 F: 949-253-5692 | Trade Payable | | $444,550.38 |
| U-Known Composite Limited 5701 Whistling Winds Walk Clarksville, MD 21029 | Mike Wang T: 410-312-1675 F: 410-872-8626 | Trade Payable | | $407,517.28 |
| Steel Technologies, Inc. 15166 Collections Center Drive Chicago, IL 60693 | Joe Robinson T: 888-754-0227 F: 502-254-4285 | Trade Payable | | $383,632.66 |
| Steel Warehouse Co. Inc. #774005 4005 Solutions Center Chicago, IL 60677-4000 | Al Juran T: 513-774-8750 F: 513-774-8753 | Trade Payable | | $241,584.50 |
| City of Amory Utilities P.O. Box 266 Amory, MS 38821 | Tony Swan T: 662-256-5633 F: 662-256-6335 | Utility Payable | | $205,000.00 |
| Atmos Energy 6716 Grade Lande Building 9 Suite 910 Louisville, KY 40213-1407 | Larissa Williams T: 601-420-5071 F: 601-933-1951 | Utility Payable | | $185,000.00 |
| Atotech USA Inc. 1750 Overview Drive Rockhill, SC 29730 | Ed Ludwig T: 803-817-3521 F: 803-817-3602 | Trade Payable | | $133,404.56 |
| MSCO P.O. Box 1000, Dept. 481 Memphis, TN 38148-0481 | Mike Bailey T: 662-891-0425 F: 662-869-1121 | Trade Payable | | $46,234.92 |

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim | (4) Indicate if claim is contingent, liquidated, disputed or subject to setoff | (5) Amount of claim |
|---|---|---|---|---|
| Lann Chemical & Supply<br>Drawer 818<br>22019 Highway 45 North<br>Aberdeen, MS 39730 | Danny Foster<br>T: 662-369-8338<br>F: 662-369-8336 | Trade Payable | | $37,903.12 |
| Tenn-Tom Pallet Co. Inc.<br>718 Hwy. 25 South<br>P.O. Box 345<br>Aberdeen, MS 39730 | Tony Provias<br>T: 662-369-9341<br>F: 662-369-9341 | Trade Payable | | $37,258.20 |
| Century Chemical<br>22826 Pilcher Rd.<br>Plainfield, IL 60544 | Pat Connors<br>T: 586-943-8091<br>F: 815-577-0597 | Trade Payable | | $33,396.71 |
| Cast Urethane Products, Inc.<br>P.O. Box 394<br>Adamsville, AL 35005 | Barbie Childers<br>T: 205-796-9661<br>F: 205-796-9663 | Trade Payable | | $25,343.71 |
| Toray Composite America<br>19002 50th Ave E.<br>Tacoma, WA 98446 | Rick Thompson<br>T: 253-875-5211<br>F: 253-875-1317 | Trade Payable | | $22,895.07 |
| Reed Exhibitions<br>383 Main Avenue<br>Norwalk, CT 06851 | Erin McArlde<br>T: 203-840-9965<br>F: 203-840-9685 | Trade Payable | | $21,000.00 |
| Fuchs Lubricants Company<br>1000 Paysphere Circle<br>Chicago, IL 60674 | Gary White<br>T: 800-654-3490<br>F: 314-997-6704 | Trade Payable | | $19,679.52 |
| Hoerner Boxes, Inc.<br>100 Old Runway<br>Tupelo, MS 38803 | Van Jackson<br>T: 662-842-2491<br>F: 662-842-9065 | Trade Payable | | $19,379.12 |
| Awot Global<br>Rm. 1704, North Tower<br>R&F Yingli Mansion<br>No. 3, Huagqiang Rd.<br>Zhujiang New City<br>Guangzhou, China | Nerno Chen<br>T: 86-20-3801-2382<br>F: 86-20-3801-2390 | Trade Payable | | $18,658.60 |
| George A. Mitchell Company<br>P.O. Box 2538<br>Cookeville, TN 38501 | Eddie Fox<br>T: 931-528-5434<br>F: 931-528-5435 | Trade Payable | | $18,079.00 |

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim | (4) Indicate if claim is contingent, liquidated, disputed or subject to setoff | (5) Amount of claim |
|---|---|---|---|---|
| | | | | |
| Turnstile Publishing<br>419 Sumter Avenue #100<br>Summerville, SC 29483 | Henry Robinson<br>T: 843-832-5848<br>F: 843-697-6772 | Trade Payable | | $17,000.00 |
| Keyence Corp. of America<br>402 BNA Dr., Suite 610<br>Nashville, TN 37217 | Andy Sanderson<br>T: 888-539-3623 ext 82809<br>F: 615-986-0114 | Trade Payable | | $16,160.00 |
| ALG labels & Graphic Corp.<br>Dept 933, PO Box 1070<br>Charlotte, NC 28201-1070 | Lee Pilleteri<br>T: 205-313-5121<br>F: 205-328-0123 | Trade Payable | | $15,762.71 |
| Perfection Servo Hydraulics, Inc.<br>1290 Lyon Road<br>Batavia, IL 60510 | Carol Biela<br>T: 888-628-2800<br>F: 630-628-2885 | Trade Payable | | $14,525.00 |
| White Oil Co., & Tire Center Inc.<br>206 S. Chestnut<br>Aberdeen, MS 39730 | Bruce Tucker<br>T: 800-621-6657<br>F: 662-842-3096 | Trade Payable | | $13,891.49 |
| Harcros Chemicals Inc.<br>1585 Harbor Ave.<br>Memphis, TN 38113 | Theresa Wadkins<br>T: 901-212-3933<br>F: 901-774-0295 | Trade Payable | | $13,352.20 |
| Meng & Associates, Inc.<br>12885 Research Blvd.<br>Suite 108-A<br>Austin, TX 78750 | John Meng<br>T: 512-331-8600<br>F: 512-423-3171 | Trade Payable | | $13,140.00 |
| Tiger Direct<br>175 Ambassador Drive<br>Naperville, IL 60540 | Gary Teague<br>T: 866-310-2944<br>F: 630-848-4379 | Trade Payable | | $13,094.61 |
| Springfield Label & Tape Co.<br>430 St. James Ave.<br>Springfield, MA 01109 | Glen St. George<br>T: 413-733-6634<br>F: 413-731-5904 | Trade Payable | | $12,793.57 |
| Waste Management Inc.<br>3165 North Port Dr.<br>Belden, MS 38826 | Amanda Satterfield<br>T: 662-690-1112<br>F: 866-460-8610 | Utility Payable | | $12,488.00 |

| (1)<br>*Name of creditor and complete mailing address including zip code* | (2)<br>*Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | (3)<br>*Nature of claim* | (4)<br>*Indicate if claim is contingent, liquidated, disputed or subject to setoff* | (5)<br>*Amount of claim* |
|---|---|---|---|---|
| Pension Benefit Guaranty Corporation (PBGC)<br>Office of the General Counsel<br>1200 K Street, N.W.<br>Washington, DC 20005-4026 | Steven Shore<br>T: 800-736-2444<br>or 202-326-4400<br>F: 202-326-4112 | Underfunded Pension Liability | Contingent, Unliquidated | Unknown |

# DECLARATION REGARDING CREDITORS HOLDING THE THIRTY LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

I, Jason A. Jenne, the duly qualified and elected authorized officer of True Temper Sports, Inc. and each of the other debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), declare under penalty of perjury that I have read and reviewed the foregoing Consolidated List of Creditors Holding the Thirty (30) Largest Unsecured Claims Against the Debtors and that the information included therein is true and correct and to the best of my knowledge, information and belief.

Dated: October 8, 2009

_____
Jason A. Jenne
Vice President & Chief Financial Officer

TRUE TEMPER SPORTS, INC.

# LIST OF EQUITY SECURITY HOLDERS OF
# TRUE TEMPER SPORTS, INC.

In accordance with Rules 1007(a)(1), 1007(a)(3), and 7007.1(a) of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

| NAME AND ADDRESS OF EQUITY HOLDERS | INTEREST |
| --- | --- |
| True Temper Corporation<br>8275 Tournament Drive, Suite 200<br>Memphis, TN 38125 | 100 % |

# DECLARATION REGARDING
# LIST OF EQUITY SECURITY HOLDERS OF
# TRUE TEMPER SPORTS, INC.

I, Jason A. Jenne, the duly qualified and elected authorized officer of True Temper Sports, Inc. (the "Debtor"), declare under penalty of perjury that the foregoing List of Equity Security Holders of the Debtor is true and correct and to the best of my knowledge, information and belief.

Dated: October 8, 2009

_____
Jason A. Jenne
Vice President & Chief Financial Officer

TRUE TEMPER SPORTS, INC.

46701/0001-5745394V3

# RESOLUTIONS
# OF THE BOARD OF DIRECTORS OF
# TRUE TEMPER SPORTS, INC.

The Board of Directors of True Temper Sports, Inc., a Delaware corporation (the "Company"), in accordance with the applicable provisions of the Delaware General Corporation Law and the Bylaws of the Corporation, duly adopted the following resolutions at a meeting held on October ___, 2009 and such resolutions have not been amended or rescinded and are now in full force and effect:

RESOLVED, that in the judgment of the Board of Directors of the Company, upon obtaining (i) commitments for debtor in possession financing and exit financing consistent with the term sheets presented to, and discussed with, the Board of Directors and (ii) sufficient votes approving the Company's prepackaged chapter 11 plan (the "Plan"), it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED, that any individual duly appointed by the Board of Directors as the Chief Executive Officer or Chief Financial Officer (each, an "Authorized Officer" and together, the "Authorized Officers") are, and each of them is, hereby authorized and empowered on behalf of, and in the name of, the Company to execute and verify or certify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as said Authorized Officer executing the same shall determine and in such form or forms as such Authorized Officer may approve;

RESOLVED, that the law firm of Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, be, and hereby is, retained and employed, pursuant to section 327(a) of the Bankruptcy Code, to render legal services to, and to represent, the Company in connection with the chapter 11 case and any other related matters in connection therewith;

RESOLVED, that the law firm of Mayer Brown LLP, 1675 Broadway, New York, New York, 10019, be, and hereby is, retained and employed, pursuant to section 327(a) of the Bankruptcy Code, to render legal services to, and to represent, the Company in connection with the chapter 11 case and any other related matters in connection therewith;

RESOLVED, that the investment banking firm of Lazard Middle Market LLC, 11 West 42nd Street, 29th Floor, New York, NY 10036, be, and hereby is, retained and employed, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, as investment bankers for the Company in connection with the chapter 11 case and any other related matters in connection therewith;

RESOLVED, that the firm of Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, be, and hereby is, retained and employed, pursuant to section 156(c) of title 28 of the United States Code, as claims, noticing, and balloting agent for the

Company in connection with the chapter 11 case and any other related matters in connection therewith;

RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to take any and all further actions which the Authorized Officers or the Company's legal counsel may deem necessary or appropriate to file the voluntary petition for relief under chapter 11 of the Bankruptcy Code, and to take and perform any and all further acts and deeds which they deem necessary, proper or desirable in connection with the chapter 11 case, with a view to the successful prosecution of such case including, without limitation, seeking confirmation of the Company's prepackaged chapter 11 plan;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized to employ and retain legal counsel, financial advisors, accountants and other professionals, to advise the Company in connection with its case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the Company as debtor and debtor in possession under chapter 11 of the Bankruptcy Code be, and hereby is, authorized to enter into (i) that certain $10,000,000 Senior Secured Superpriority Debtor-in-Possession Revolving Credit Facility, among True Temper Sports, Inc., as a borrower, True Temper Corporation and True Temper Sports-PRC Holdings, Inc., as guarantors, the lender parties thereto, and General Electric Capital Corporation, as revolving debtor in possession agent (as amended, supplemented, restated or otherwise modified from time to time, the "DIP Revolving Credit Facility"), and (ii) that certain debtor-in-possession term loan that constitutes a roll-up of $80 million in certain outstanding obligations under the Amended and Restated Credit Agreement dated as of March 27, 2006 (as amended, supplemented, restated or otherwise modified from time to time, the "First Lien Credit Facility") among True Temper Sports, Inc., as a borrower, True Temper Corporation and True Temper Sports-PRC Holdings, Inc., as guarantors, the lender parties thereto, Credit Suisse, as administrative agent (the "DIP Roll-Up Loans," and together with the DIP Revolving Credit Facility, the "DIP Facility"), each in substantially the form provided or described to the Board in the debtor in possession financing commitment and related term sheets (with such final terms and provisions as the Authorized Officer executing the DIP Facility may approve), pursuant to which the borrower will borrow funds (the "Indebtedness") and the borrower and the guarantors will grant security interests in and liens on all or substantially all of their assets as may be deemed necessary by any one or more of the Authorized Officers in connection with such borrowings and guarantees;

RESOLVED, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, be, and hereby is, authorized to obtain the use of cash collateral in such amounts and on such terms as may be approved by any one or more of the Authorized Officers as is reasonably necessary for the continuing conduct of the affairs of the Company;

RESOLVED, that the Board has determined that the Company will receive substantial direct and indirect benefits from the loans and other financial accommodations to be made under the DIP Facility to the Company;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized to execute and deliver for and on behalf of the Company as debtor and debtor in possession, the terms and provisions of the DIP Facility, the principal amount, rate of interest and maturity of promissory notes to be executed by the Company, if any, evidencing the Indebtedness (the "Promissory Notes") and such other documents, agreements, guaranties, instruments, financing statements, notices, undertakings, certificates or other writings as may be required pursuant to the terms of the DIP Facility, contemplated thereby or in furtherance thereof, provided that the DIP Facility executed by the Authorized Officers is consistent with the terms approved by the Board;

RESOLVED, that the Company is hereby authorized to pledge, mortgage, hypothecate, encumber and grant a lien on or security interest in, any and all of its property, real or personal, tangible or intangible, now or hereafter acquired, to secure its obligations under the Loan Documents (as defined below), including, without limitation, pursuant to any security agreement, pledge agreement and one or more deeds of trust or mortgages;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered on behalf of the Company, as debtor and debtor in possession, to cause to be prepared, to negotiate, execute and deliver, and to perform its obligations under (i) the Credit Facilities, (ii) the Promissory Notes, if any, and (iii) such other documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings as may be required by, contemplated by or in furtherance of the DIP Facility, including but not limited to any fee letter, control agreement, guaranty, pledge agreement, security agreement, letter of credit application, certificate, mortgage, other security instrument or other document evidencing the obligations of the Company under the debtor in possession financing (all of the foregoing documents, collectively, the "Loan Documents"), each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Officer so acting, and any amendments, restatements, amendments and restatements, supplements or other modifications thereto, in each case with such changes therein and additions thereto (substantial or otherwise) as shall be deemed necessary, appropriate or advisable by any Authorized Officer executing the same on behalf of the Company, the execution and delivery thereof by such Authorized Officer to be conclusive evidence of such approval by them;

RESOLVED, that the Company is hereby authorized to enter into and perform its obligations under one or more pledge agreements, including amendments, restatements, amendments and restatements, supplements and other modifications thereto, pursuant to the terms of which the Company will pledge to an agent or agents for the benefit of the lenders and other secured creditors under the DIP Facility and the other Loan Documents certain of the capital stock and other equity interests owned by the Company from time to time to secure the payment and performance of the obligations of the Company and certain subsidiaries of the Company under the DIP Facility and the other Loan Documents;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized to establish, facilitate or comply with the terms and conditions of the Loan Documents as the same may be amended from time to time, and to do and perform, or cause to be done and performed,

all acts, deeds and things, in the name and on behalf of the Company or otherwise as such Authorized Officer may deem necessary or appropriate;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions to make, sign, execute, acknowledge and deliver (and record in the relevant office of the secretary of state or the county clerk, if necessary) any and all such agreements listed above (including exhibits thereto), including any and all affidavits, orders, directions, certificates, requests, receipts, financing statements, or other instruments as may reasonably be required to give effect to these Resolutions, and to execute and deliver such agreements (including exhibits thereto) and related documents, and to fully perform the terms and provisions thereof;

RESOLVED, that the Authorized Officers, be, and each of them hereby is, authorized on behalf of, and in the name of, the Company to execute the Plan under chapter 11 of the Bankruptcy Code, including any and all modifications, supplements, and amendments thereto, and to cause the same to be filed in the Bankruptcy Court at such time as said Authorized Officer executing the same shall determine, provided that the Plan executed by the Authorized Officers is consistent with the terms approved by the Board;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions and to make, sign, execute, acknowledge and deliver all such additional documents, agreements and certificates as may be reasonably required to give effect to the consummation of the transactions contemplated by these Resolutions and the Company's prepackaged plan of reorganization, and to execute and deliver such documents, agreements and certificates, and to fully perform the terms and provisions thereof;

RESOLVED, that to the extent that any of the actions authorized by any of these Resolutions have been taken by the Authorized Officers of the Company on its behalf, such actions are hereby ratified and confirmed in their entirety; and

RESOLVED, that all actions previously taken by any Authorized Officer or counsel with respect to the matters contemplated by these resolutions, including but not limited to any debtor in possession financing, are hereby adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

# CERTIFICATE

The undersigned hereby certifies with respect to True Temper Sports, Inc. (the "Company"), a Delaware corporation, as follows:

1. I am duly qualified and authorized by the board of directors of the Company (the "Board of Directors") to take actions on behalf of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copy of the resolutions of the Board of Directors, duly adopted at a properly convened meeting of the Board of Directors on or about the date hereof, in accordance with the bylaws of the Company.

3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked and are in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors of the Company relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this written certificate as of the 7th day of October, 2009.

By: Jason A. Jenne
Title: Vice President and Chief Financial Officer